SMITH, Judge.
The Department of Transportation, pursuant to Rule 4.2, F.A.R., presents this interlocutory appeal from a partial summary judgment on liability entered against it by the trial court. The court thereby held the Department liable to Leecon for the latter’s additional expenses incurred as a result of breach of the Department’s warranty, in specifications under which Leecon contracted to build a highway segment, that a particular quantity of muck suitable for dressing the shoulders and slopes of the highway was available where designated in the right-of-way. Much of that material contained roots and was unsuitable.
The trial court correctly ruled that there is no genuine issue of material fact concerning the Department’s liability and that the Department’s defense of accord and satisfaction fails as a matter of law. After the inadequacy of the muck deposits was discovered in the course of construction, the parties entered into a “supplemental agreement” permitting utilization of topsoil or muck for dressing and reducing the total quantity. No change was made in the compensation per square yard to be paid Leecon for material in place. We agree that the supplemental agreement was not an accord and satisfaction of the Department’s liability for breach of the warranty in its specifications. State Road Dept. v. Houdaille Ind., Inc., 237 So.2d 270 (Fla.App. 1st, 1970).
While we have some concern whether the Department’s warranty survived execution of the supplemental agreement and whether the risk of the unavailability thereafter of suitable muck and topsoil should fall entirely on the Department, those issues pertain to Leecon’s damages, not to the Department’s liability, and they are more appropriately determined by the trial court upon consideration of all the facts.
Interlocutory appeal dismissed.
RAWLS, Acting C. J., and MILLS, J., concur.